OPINION
{¶ 1} Appellant appeals his conviction by jury in the Stark County Court of Common Pleas as to one count of Burglary.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The particular facts of this case are not in dispute:
 {¶ 4} On or about July 23, 2002, one Rick Price of 226 Ralph Court notified the police that his apartment had been broken into while he slept. Upon waking he discovered that a screen in one of his windows was pushed out and that the sliding glass door was open. He also discovered that the following items had been stolen: two stereo receivers, a cellular phone, a cellular phone charger, a VCR, a five-disc CD player and a number of compact discs. The electronic items had each been plugged into a power strip.
 {¶ 5} A fingerprint belonging to Anthony Tucker was lifted from the power strip.
 {¶ 6} Mr. Price testified that he did not know Anthony Tucker nor did he give him permission to enter his apartment.
 {¶ 7} The Stark County Grand Jury indicted Appellant, Anthony Tucker, on one count of burglary in violation of R.C. § 2911.12(A)(2), a second degree felony.
 {¶ 8} A jury trial commenced on October 29, 2002. The jury found appellant guilty of the charge of burglary.
 {¶ 9} A sentencing hearing was held on November 4, 2002.
 {¶ 10} By judgment entry filed November 14, 2002, the trial court sentenced appellant to a determinate term of five years incarceration.
 {¶ 11} Appellant filed an appeal and this matter is now before this court for consideration.
 {¶ 12} Appellant's sole assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 13} "I. APPELLANT'S CONVICTIONS [SIC] FOR BURGLARY, IN VIOLATION OF OHIO REVISED CODE SECTION 2911.12(A)(2), WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 14} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 16} We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey,64 Ohio St.3d 353, 363, 1992-Ohio-44. Circumstantial evidence is to be given the same weight and deference as direct evidence. Jenks.
 {¶ 17} Appellant was convicted of one count of burglary in violation of R.C. § 2911.12(A)(2) which states as follows:
 {¶ 18} Revised Code § 2911.12(A)(2), which defines the offense of burglary, provides: "No person, by force, stealth, or deception, shall * * * trespass in an occupied structure * * *." A trespass occurs when a person knowingly enters or remains on the land or premises of another without privilege to do so.
 {¶ 19} Appellant argues the state's evidence was insufficient to prove identification in the case sub judice. Appellant also argues that that the victim's testimony was suspect and suggests that he staged the burglary.
 {¶ 20} We find that he jury was free to believe or disbelieve Mr. Price's testimony.
 {¶ 21} We further find that the fingerprint evidence in this case was sufficient to support the verdict. While there may have been only one fingerprint recovered, such fingerprint was found on the power strip into which many of the stolen items had been plugged. Accessibility to such power strip was obviously limited. See State v. Reynolds (Sept. 29, 1989), Erie App. NO. E-88-26 and State v. Miller (1977), 49 Ohio St.2d 198.
 {¶ 22} Based upon our review of the entire record and our statements of facts, supra, we find the jury did not clearly lose its way so as to result in a manifest miscarriage of justice. Further, we find sufficient evidence, albeit circumstantial, to support a guilty verdict on the burglary charge.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By: Boggins, J., Hoffman, P.J., and Farmer, J. concur.